IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHARLES BAENIG, | : | CIVIL ACTION NO. **1:10-CV-0114** |
| Petitioner | : | (Judge Conner) |
| v. | : | (Magistrate Judge Blewitt) |
| DAVID PITKINS, et al., | : | |
| Respondents | : | |

## REPORT AND RECOMMENDATION

**I. Background.**

On November 27, 2007, Petitioner, Charles Baenig, while an inmate at the State Correctional Institution at Houtzdale, Pennsylvania, filed, *pro se*, a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1). Petitioner Baenig's 2007 habeas petition was docketed as *Baenig v. Patrick*, Civil No. 07-2148, M.D. Pa. In his 2007 case, Petitioner Baenig challenged his December 2003 convictions in the Dauphin County Court of Common Pleas for numerous counts of harassment by communication and stalking by communication, as well as his 2004 sentence of 15 to 25 years in prison. Petitioner stated in his No. 07-2148 habeas petition that he raised the following grounds: (1) the sentencing court abused its discretion in sentencing petitioner to a sentence "within the statutory limits" and by giving him an excessive aggregated sentence which amounted to a life sentence; (2) the sentencing court imposed an illegal sentence by requiring conditions which were of indeterminate length; and (3) counsel was ineffective "for not challenging the omission of all the conditions of the petitioner's plea agreement." (Doc. 1, #07-2148, pp. 6-9, on back of pages).

-1-

We found that in Petitioner Baenig's No. 07-2148 case, he was challenging his December 3, 2003 Dauphin County, Pennsylvania, conviction for 46 counts of Harassment by Communication and 45 counts of Stalking by Communication. We found that Baenig's No. 07-2148 Petition for Writ of Habeas Corpus contained three grounds for relief. In Ground One, Petitioner claimed that the sentencing court abused its discretion in sentencing him to a sentence within the statutory limits of 15 to 225 years in a State Correctional Institution that, in the aggregate, violated the fundamental norms of the sentencing guidelines by being manifestly excessive. In Ground Two, Petitioner claimed that the sentencing court imposed an illegal sentence by providing for conditions which were of indeterminate length potentially exceeding the statutory maximum, or were of such uncertainty that performance may be rendered impossible for the Petitioner to ever be able to accomplish them. Finally, in Ground Three, Petitioner claimed that his counsel was ineffective for failing to challenge the omission of all of the conditions of the Petitioner's plea agreement and that his guilty plea was not knowing, voluntary and intelligent because he was not aware of the consequences of his guilty plea.

On December 2, 2008, we issued a Report and Recommendation ("R&R") in Petitioner's #07-2148 case and addressed the merits of his stated claims. We recommended that Baenig's #07-2148 Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 be denied. (Doc. 13, Ex. A, #10-114 case). After we issued our R&R, Petitioner filed a motion to amend his habeas petition, and the Court granted this motion on June 5, 2009. In his amended habeas Petition, Petitioner raised a fourth claim, namely, that he was actually innocent with respect to two his convicted counts.

On August 3, 2009, the District Court issued a 23-page Memorandum and a 1-page Order in case No. 07-2148, and it adopted our R&R. (Doc. 13, Ex. B, #10-114 case). The Court also denied Petitioner's amended habeas petition in case No. 07-2148. Further, the Court directed that "[a] certificate of appealability is Denied. *See* 28 U.S.C. §2253(c)(1)." (*Id.*).

Subsequently, Petitioner filed a request for a certificate of appealability with the Third Circuit under 28 U.S.C. §2253(c)(1) with respect to the Court's Memorandum and Order in his first habeas case, *i.e.,* his No. 07-2148 case. On November 17, 2009, the Third Circuit issued an Order and denied Petitioner's request. The Third Circuit stated as follows:

> The foregoing application for a certificate of appealability is denied because Appellant has not made a substantial showing of the denial of a constitutional right. See 28 U.S.C. § 2253(c)(2). Appellant has not shown that jurists of reason would find the District Court's denial of his habeas petition debatable or wrong. See Miller-El v. Cockrell, 537 U.S. 322, 338 (2003).

(Doc. 13, Ex. C, No. 10-0114 case).

On January 11, 2010, Petitioner filed a second Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 with the Third Circuit Court of Appeals. The Third Circuit issued an Order on January 13, 2010, transferring Petitioner's second habeas petition to this Court.

On January 19, 2010, the second Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 filed by Petitioner Baenig, now an inmate at the State Correctional Institution at Laurel Highlands, Somerset, Pennsylvania, was received by this Court. (Doc. 1). Petitioner Baenig's 2010 habeas petition was docketed as *Baenig v. Pitkins*, Civil No. 10-0114, M.D. Pa. After we denied Petitioner's *in forma pauperis* Motion, Petitioner paid the filing fee. (Docs. 2, 4 and 5).

Petitioner again challenges his 2003 convictions on numerous counts of Harassment by Communication and numerous counts of Stalking by Communication, and his 2004 sentence of 15 to 225 years in prison imposed by the Dauphin County Court of Common Pleas. Petitioner now raises the following grounds: (1) trial court lacked subject matter jurisdiction over him; and (2) unlawful confinement in prison due to constitutional error.

Before serving the Petition on Respondents and addressing the Petitioner's claims, on February 8, 2010, we directed Petitioner to submit to the Court copies of all of his state court appeals and the state court decisions, opinions and orders regarding both his direct and collateral appeals, along with the filing dates thereof. The Court indicated that it would then determine if the Petitioner's Habeas Petition was timely filed under the AEDPA and if his instant claims were exhausted in the state courts. (Doc. 7).

Petitioner submitted documentation in response to our February 8, 2010 Order, but his response did not fully contain the requisite information. Thus, on February 23, 2010, we directed Respondent Dauphin County District Attorney ("DA") to file the mentioned state court records of Petitioner and to respond to the exhaustion and timeliness issues. (Doc. 10). After being granted an extension of time, on April 12, 2010, Respondent DA filed a Motion to Dismiss and/or to file a Partial Answer to the Habeas Petition, with attached exhibits. (Doc. 13).[1] Respondent DA argues, in part, that Petitioner Baenig's present habeas petition should be dismissed as a second or successive petition since he did not obtain permission to file a

---

[1] Exhibits A-C attached to Respondent DA's Doc. 13 Motion are the above stated R&R, District Court Memorandum and Order, and Third Circuit Order entered with respect to Petitioner's first habeas case, No. 07-2148.

second or successive petition from the Third Circuit and his claims raised in his second habeas petition do not fall into one of the narrow exceptions of a properly filed second petition. We agree with Respondent.[2]

**II. Claims of Habeas Petition**.

Petitioner states his two present habeas claims as follows:

Ground One

> Pennsylvania used a previous saving clause in all their constitutions and failed to apply same to the 1968 constitution, thus repealing all laws, codes, statutes, laws, etc. statutes by not bringing said codes, statutes, laws, etc. from the 1874 Pennsylvania Constitution to the 1968 Pennsylvania Constitution.

(Doc. 1, p. 5).

Ground Two

> Due to a faulty constitution by not continuing a saving clause for all crime codes, laws, statutes, etc. the state of Pennsylvania lost all jurisdiction and in violation of the United States Constitution.

(Doc. 1, p. 7).

Petitioner explains that he only recently discovered his present habeas claims that the 1968 Pennsylvania Constitution was defective since it failed to incorporate the Savings Clause previously used in the 1874 Pennsylvania Constitution, causing all laws, codes and statutes enacted in Pennsylvania, including the Pennsylvania Crimes Code under which Petitioner was charged and convicted, to be invalidated. Thus, Petitioner claims that the Commonwealth of Pennsylvania had

---

[2]The undersigned was assigned Petitioner's #07-2148 case and his present case for the issuance of a Report and Recommendation.

-5-

no jurisdiction over his criminal case and that his Dauphin County convictions and sentence were in violation of the U.S. Constitution.

As relief, Plaintiff requests his release from his "unlawful confinement" as well as "compensation for 234 years, constitutional violations." (Doc. 1, p. 15).[3]

As stated, Respondent DA contends that Petitioner's habeas petition should be dismissed as a second or successive habeas petition because he did not obtain permission from the Third Circuit to file a second or successive petition and since his present claims do not qualify as claims that can be raised under the narrow exceptions of a properly filed second petition. Respondent DA also states that Petitioner failed to exhaust his claims in his new habeas petition in state court and that they are procedurally defaulted since the time to raise these claims has lapsed.

For the reasons set forth below, we agree with the Respondent DA that Petitioner's present habeas petition should be dismissed as a successive petition. Further, since the record is clear that Petitioner's present habeas petition should be dismissed as a successive petition and since Petitioner does not even raise cognizable § 2254 habeas claims, we do not wait for Petitioner's response to Respondent DA's Motion to Dismiss.[4] *See* Rule 4 of the Rules governing Section 2254 Proceedings; *Louder v. Coleman*, 2009 WL 4893193 (W. D. Pa.)(court dismissed Petitioner's second § 2254 habeas petition without having it served on Respondents since it was a second or

---

[3]To the extent Petitioner seeks money damages for his alleged continued confinement which he claims is unconstitutional, Petitioner must file a civil rights action under 42 U.S.C. §1983 with the Court in the District where he is confined, *i.e.* the Western District of Pennsylvania. *See Atwell v. Levan,* 557 F.Supp.2d 532 (M.D. Pa.).

[4]Petitioner's response to Respondent DA's Motion to Dismiss is due April 26, 2010.

successive petition and Petitioner did not show that he obtained permission from Court of Appeals to file it). We also take judicial notice of this Court's records pertaining to Petitioner Baenig's first habeas petition under § 2254, *i.e.* #07-2148 case. *Id.*, *2. Thus, in deciding Petitioner's present habeas petition, we take judicial notice of this Court's records and the records of the Third Circuit. *Id.*

As the *Louder* Court stated:

> This power of the court to summarily dismiss a petition, which, considered along with items annexed thereto and things of which judicial notice may be had, shows on its face that the petitioner is not entitled to relief includes the power of the court to dismiss the petition where it discloses that it is not in compliance with AEDPA's second or successive requirements. *Mickens v. Chamberlain,* No. 2:08-CV-950, 2008 WL 4298536 (W.D.Pa., Sept. 17, 2008); *Scott v. Klem,* NO. 4:CV-05-1337, 2005 WL 1653165 (M.D.Pa., July 12, 2005).

*Id.*, *3.

### III. Discussion.

Respondent DA argues that the instant habeas petition should be dismissed since Petitioner, in his previous § 2241 habeas petition, already challenged his Dauphin County convictions and sentence and since Petitioner did not obtain permission from the Third Circuit to file a second or successive habeas petition. Respondent DA also contends that Petitioner's new habeas claims do not fit into one of the two narrow exceptions. We concur with Respondent DA.

Initially, since Petitioner's present habeas petition was filed after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), *i.e.* April 24, 1996, the AEDPA applies to his case. *Id.*

In *Louder*, the Court stated:

> AEDPA greatly restricts the power of federal courts to award relief to state prisoners who file second or successive Section 2254 applications. *Tyler v. Cain,* 533 U.S. 656, 121 S.Ct. 2478, 150 L.Ed.2d 632 (2001). In AEDPA, Congress enacted strictures on the filing of second or successive habeas petitions in response to the abuse of the habeas writ by prisoners. *See Chambers v. United States,* 106 F.3d 472, 475 (2d Cir.1997) ("The purpose of the gatekeeping restrictions was to prevent abuse of the habeas writ."). Congress provided that "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b) (3)(A).
>
> The allocation of these gatekeeping responsibilities to the Court of Appeals provided by Section 2244(b)(3)(A), has essentially divested the District Courts of subject matter jurisdiction over habeas petitions that are second or successive within the meaning of that subsection. *See, e.g., Robinson v. Johnson,* 313 F.3d 128, 140 (3d Cir.2002) ("From the district court's perspective, it [i.e ., Section 2244(b)(3)(A)'s gatekeeping assignment to the Courts of Appeals] is an allocation of subject-matter jurisdiction to the court of appeals."). The gatekeeping provisions of AEDPA provide that if the prisoner asserts a claim that he has already presented in a previous federal habeas petition, the claim must be dismissed by the Court of Appeals in all cases. 28 U.S.C. § 2244(b)(1). And if the prisoner asserts a claim that was not presented in a previous petition, the claim must be dismissed by the Court of Appeals unless it falls within one of two narrow exceptions. One of these exceptions is for claims predicated on newly discovered facts that call into question the accuracy of a guilty verdict. § 2244(b)(2) (B). The other is for certain claims relying on new rules of constitutional law. § 2244(b)(2)(A). **However, even if a habeas petitioner's second or successive petition falls within either of these categories, he may not simply come to the District Court and file his second or successive petition, rather he must seek leave of the Court of Appeals to do so.** In other words, he must convince, in the first instance, the Court of Appeals that his second or successive petition comes within this narrow exception permitted by AEDPA and have the Court of Appeals grant him leave to file such second or successive petition. 28 U.S.C. § 2244(3)(A). FN1

> FN1. Section 2244(3)(A) provides that "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." (emphasis added).

*Id.*, *3 (Emphasis added).

As discussed above, Petitioner Baenig's first habeas petition in case #07-2148 was denied after a thorough and extensive review of all of his claims attacking his Dauphin County convictions and sentence on the merits were made by this Court. (*See* Doc. 13, Ex. B). Also, as stated, this Court allowed Petitioner to amend his original habeas petition in his #07-2148 case and add a fourth claim.

As the *Louder* Court stated:

> where a prior petition was addressed on the merits and the subsequent petition raises issues that could have been raised in the first petition or, otherwise constitutes an abuse of the writ, the subsequent petition is "second or successive" within the meaning of subsection (3)(A) and cannot be filed in the district court without authorization from the Court of Appeals. *See, e.g., Whab v. United States,* 408 F.3d 116, 118 (2d Cir.2005) ( "for a subsequent petition to be considered 'second or successive,' bringing into play AEDPA's gatekeeping provisions, the disposition of an earlier petition must qualify as an adjudication on the merits."); *Greene v. White,* 223 F.3d 1001, 1002 n. 1 (9th Cir.2000) ("The present petition is not a 'second or successive petition' because the earlier petition, filed in 1993, was not adjudicated on the merits.").

*Id.*, *4.

In *Hart v. Warden*, *FCI Schuylkill*, Civ. Docket 3:CV-09-0192, slip op. pp. 3-5 (M.D. Pa. April 30, 2009) (Conaboy, J.), the Court outlined the requirements for dismissal of a successive petition, stating:

28 U.S.C. § 2244(a) and Rule 9 of the Rules Governing Section § 2254 Cases in the United States District Courts, as made applicable to 28 U.S.C. by Rule 1, set forth the authority for determination as to whether second or successive habeas corpus petitions may be reviewed by federal district courts.

Prior to the 1996 amendments, § 2244 authorized dismissal of a successive habeas petition "that presented no new ground not heretofore presented and determined." *McCleskey v. Zant*, 499 U.S. 467, 483 (1991). § 2244 provided:

> (a) No circuit or district judge shall be required to entertain an application for writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for writ of habeas corpus and the petition presents no new ground not heretofore presented and determined, and the judge or court is satisfied that the ends of justice will not be served by such inquiry.

The Supreme Court in *McCleskey* expanded § 2244 to also preclude a person from raising a new claim in a subsequent habeas petition that he could have raised in his first habeas petition:

> Our most recent decisions confirm that a petitioner can abuse the writ by raising a claim in a subsequent petition that he could have raised in his first, regardless of whether the failure to raise it earlier stemmed from a deliberate choice.
>
> *McCleskey*, 499 U.S. at 489.

In relevant part, section § 2244(a) now provides:

> No Circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for writ of habeas corpus, except as provided in section § 2255.

*Hart v. Warden*, *FCI Schuylkill*, Civ. Docket No. 3:09-CV-0192 (M.D. Pa. April 30, 2009) (Conaboy, J.); *Jennings v. BOP*, 2009 WL 1181221, *3 (M.D. Pa.).

In his instant § 2254 habeas petition, Petitioner again challenges his Dauphin County convictions and sentence which were at issue in his #07-2148 habeas case, and he now claims that the Dauphin County Court lacked jurisdiction over his criminal case since the 1968 Pennsylvania Constitution was defective by not including the Savings Clause from the 1874 Pennsylvania Constitution. As a result of the defective 1968 Pennsylvania Constitution, Petitioner states that Pennsylvania lacked authority to enact all laws and statutes, including the Pennsylvania Crimes Code which he was convicted of violating. Thus, Petitioner claims that his guilty plea to a multitude of the harassment and stalking charges and his sentence violated the U.S. Constitution. We find that Petitioner's present habeas claims clearly do not fit into one of the two narrow exceptions stated above. While Petitioner seems to state that his present claims are based on newly discovered facts which call into question the accuracy of his guilty plea, namely that the 1968 Pennsylvania Constitution is in violation of the U.S. Constitution since it lacked the Savings Clause from the previous Pennsylvania Constitutions, we find that these new claims do not even state cognizable § 2254 habeas claims. In *Harlacher v. Com. of PA*, Civil No. 10-0267, M.D. Pa., this Court recently considered § 2254 habeas claims which were nearly identical to Petitioner Baenig's claims, namely, that Petitioner Harlacher's state court conviction was void because the Pennsylvania Constitution did not contain a clause pertaining to criminal proceedings. This Court in *Harlacher* essentially found that this was not a proper habeas claim.[5] Indeed, if Petitioner Baenig

---

[5]

In *Harlacher v. Com. of PA*, Civil No. 10-0267, M.D. Pa., the undersigned directed Petitioner Harlacher to file an amended habeas petition since we found that his original petition claiming that the 1968 PA Constitution did not contain the Savings Clause of the previous Pennsylvania Constitutions and that this rendered his state conviction under the PA Crimes Code as illegal did not state a cognizable §2254 habeas claim. Specifically,

, as well as Petitioner Harlacher, were correct with respect to their habeas claims, every inmate in Pennsylvania convicted under the Pennsylvania Crimes Code since the enactment of the 1968 Pennsylvania Constitution would have to be immediately released from prison. Such unfounded claims are clearly not cognizable in a §2254 habeas petition. Moreover, since Petitioner's 2004 Dauphin County conviction and sentence came well after Pennsylvania enacted its 1968 constitution, Petitioner could have raised his present claims in his prior habeas action.[6]

Further, even if Petitioner Baenig's second habeas petition falls within one of the narrow exceptions, and we do not find that it does, Petitioner cannot just file a second petition with this Court. He must still obtain permission from the Third Circuit to file his second petition, and it is clear in this case that Petitioner did not receive such permission to file this case. *See Louder v. Coleman*, 2009 WL 4893193, *3.

Morever, this Court has already decided Petitioner's first habeas petition which raised cognizable habeas claims on the merits and denied it. (Doc. 13, Ex. B). This Court also denied to issue a certificate of appealability pursuant to 28 U.S.C. § 2253(c)(1). Further, as mentioned,

---

[6] Petitioner Harlacher stated in his Habeas Corpus Petition that "there is no provision in the 1874 or 1968 State Constitution of Pennsylvania entitling Pennsylvania to enact a criminal code or criminal statues, thus, currently and prior to the time of [Petitioner's] prosecution, Pennsylvania had/has no inherent power to enact a criminal code/statute." (Case #10-0267, Doc. 1, Jurisdictional Demurrer, Number Two, ¶ 12). When Petitioner Harlacher failed to file a proper amended habeas petition as directed, the Court dismissed his case.

We also agree with Respondent DA that the record in Petitioner's prior case shows that Petitioner did not exhaust his present habeas claims in state court. (Doc. 13, p. 5, ¶23.).

on November 17, 2009, the Third Circuit denied Petitioner's request for a certificate of appealability pursuant to 28 U.S.C. § 2253(c)(1). (*Id*., Ex. C). Petitioner then simply filed the present habeas petition which is clearly a second or successive petition, without receiving required permission from the Third Circuit to do so.

Petitioner fails to show that his instant claims fall within any of the statutory exceptions outlined above, and there is no indication that Petitioner was granted leave to file a second or successive petition by the United States Court of Appeals for the Third Circuit. Therefore, we will recommend that the Court grant Respondent DA's Doc. 13 Motion and dismiss Petitioner's instant § 2254 habeas petition as a second or successive petition because this Court lacks subject matter jurisdiction over it. *See Louder v. Coleman*, 2009 WL 4893193, *5.

**IV. Recommendation.**

For the reasons set forth above, we respectfully recommend that Respondent DA's Motion to Dismiss be granted (Doc. 13) and that Petitioner Baenig's Habeas Petition (Doc. 1) be dismissed as a second or successive § 2254 petition since this Court lacks subject matter jurisdiction over it.

                                      **s/ Thomas M. Blewitt**_____
                                      **THOMAS M. BLEWITT**
                                        **United States Magistrate Judge**

**Dated: April 20 , 2010** _____

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHARLES BAENIG, | : | CIVIL ACTION NO. **1:10-CV-0114** |
| Petitioner | : | (Judge Conner) |
| v. | : | (Magistrate Judge Blewitt) |
| DAVID PITKINS, et al., | : | |
| Respondents | : | |

## NOTICE

NOTICE IS HEREBY GIVEN that the undersigned has entered the foregoing Report and Recommendation dated **April 20 , 2010.**

Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the

magistrate judge, making his or her own determination on the basis of that record.  The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

                              **s/ Thomas M. Blewitt**
                              **THOMAS M. BLEWITT**
                              **United States Magistrate Judge**

**Dated: April 20 , 2010**