# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CHARLES BAENIG,** | : | **CIVIL ACTION NO. 1:10-CV-0114** |
| Petitioner | : | (Judge Conner) |
| v. | : | |
| **DAVID PITKINS, EDWARD M. MARSICO, and THE ATTORNEY GENERAL OF THE COMMONWEALTH OF PENNSYLVANIA,** | : | |
| Respondents | : | |

## **ORDER**

AND NOW, this 24th day of June, 2010, upon consideration of the report (Doc. 14) of the magistrate judge, recommending that the pending motion (Doc. 13) for dismissal be granted and that the pending petition (Doc. 1) for habeas corpus relief be dismissed, and, following an independent review of the record, it appearing that petitioner Charles Baenig ("Baenig") has submitted a second or successive petition for habeas corpus review pursuant to 28 U.S.C. § 2254 to this court, (see Doc. 14 at 6), that Baenig's claims do not fall within the scope of § 2254,[1] and that Baenig has failed on multiple grounds to

---

[1] Baenig argues that, by virtue of a drafting error, the Commonwealth of Pennsylvania's 1968 Constitution stripped the state legislature of authority to enact penal laws, repealed all penal statutes existing at the time the new constitution was adopted, and left state courts without jurisdiction over criminal matters. Consequently, Baenig claims that his criminal conviction and current incarceration are in violation of the state constitution. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States. § 2254; Estelle v. McGuire, 502 U.S. 62, 67-8 (1997); see also Reinart v. Larkins, 379 F.3d 76, 94 n.4 (3d Cir. 2004).

meet the jurisdictional requirements of 28 U.S.C. § 2244 for a second or successive petition to be reviewed by this court,[2] and it appearing that neither party has objected to the findings of the magistrate judge's report and recommendation,[3] and that there is no clear error on the face of the record,[4] see Nara v. Frank, 488 F.3d 187, 194 (3d Cir. 2007) (explaining that "failing to timely object to [a report and recommendation] in a civil

---

[2] Baenig failed to obtain an order from the Third Circuit Court of Appeals authorizing this court to consider his second petition. Thus, this court does not have subject matter jurisdiction to review the second or successive petition. See § 2244(b)(3)(A). Furthermore, Baenig introduces no new facts in his second petition, only legal arguments. Therefore, even if Baenig had obtained leave from the court of appeals, this court would still be required to dismiss the petition. See §§ 2244(b)(2)(B)(i); 2244(b)(4).

[3] After the magistrate issued his report, Baenig filed a motion (Doc. 15) entitled "motion to dismiss," but in fact, his motion requested a stay. Baenig asked the court to "hold" his § 2254 petition, pending exhaustion of his state remedies. Given the state-law basis of Baenig's claim and the jurisdictional deficiencies, delaying dismissal would be futile. See R. GOVERNING § 2254 CASES R. 4.

[4] When parties fail to file timely objections to a magistrate judge's report and recommendation, the Federal Magistrates Act does not require a district court to review the report before accepting it. Thomas v. An, 474 U.S. 140, 149 (1985). As a matter of good practice, however, the Third Circuit expects courts to "afford some level of review to dispositive legal issues raised by the report." Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987). The advisory committee notes to Rule 72(b) of the Federal Rules of Civil Procedure indicate that "[w]hen no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." FED. R. CIV. P. 72(b), advisory committee notes; see also Henderson, 812 F.2d at 878-79 (stating that "the failure of a party to object to a magistrate's legal conclusions may result in the loss of the right to *de novo* review in the district court"); Tice v. Wilson, 425 F. Supp. 2d 676, 680 (W.D. Pa. 2006) (holding that the court's review is conducted under the "plain error" standard); Cruz v. Chater, 990 F. Supp. 375-78 (M.D. Pa. 1998) (holding that the court's review is limited to ascertaining whether there is "clear error on the face of the record"); Oldrati v. Apfel, 33 F. Supp. 2d 397, 399 (E.D. Pa. 1998) (holding that the court will review the report and recommendation for "clear error"). The court has reviewed the remaining findings in the magistrate judge's report and recommendation in accordance with this Third Circuit directive.

proceeding may result in forfeiture of *de novo* review at the district court level"), it is hereby ORDERED that:

1. The report of the magistrate judge (Doc. 14) is ADOPTED.

2. Respondents' motion to dismiss (Doc. 13) is CONSTRUED as a motion to stay and DENIED as so construed.

3. The Clerk of Court is directed to DISMISS the petition (Doc. 1).

4. The Clerk of Court is directed to CLOSE this case.

   S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge